IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MAXIMILIANO SILVA CAMPOS, | : : | MOTION TO VACATE 28 U.S.C. § 2255 |
|     Movant, | : : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:12-CR-268-ODE-AJB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:16-CV-2831-ODE-AJB |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant, Maximiliano Silva Campos, through counsel, has filed a 28 U.S.C. § 2255 motion to vacate his convictions in criminal action number 1:12-cr-268-ODE-AJB-1. [Doc. 25.]¹ The matter is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

**I.    Background**

In an indictment returned on August 21, 2012, Movant was charged, in relevant part, with the following offenses: (1) making a false statement in a passport

---

¹ Citations to the record in this Final Report and Recommendation refer to case number 1:12-cr-268-ODE-AJB-1.

AO 72A
(Rev.8/82)

application, in violation of 18 U.S.C. § 1542 (count one); and (2) falsely representing that he is a United States citizen, in violation of 18 U.S.C. § 911 (count two). [Doc. 9 at 1-2.] On December 12, 2012, Movant pleaded guilty to both of those counts. [Doc. 20.] On January 15, 2013, the District Court sentenced Movant to time served, followed by three years supervised release. [Doc. 24.] Movant did not appeal.

Movant has been deported to Brazil, his country of origin. [Doc. 25 at 4.] He filed his § 2255 motion on August 3, 2016, claiming that (1) his guilty plea was not knowing and voluntary, and (2) his counsel provided ineffective assistance by failing to advise him of the immigration consequences of his guilty plea. [*Id.* at 2.]

## II.    Discussion

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been

2

newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had fourteen days in which to appeal his convictions after the District Court sentenced him on January 15, 2013. *See* Fed. R. App. P. 4(b)(1)(A)(i). Movant did not appeal, and the fourteen-day period expired on January 29, 2013. The one-year statute of limitations expired for Movant on January 29, 2014.[2] Movant filed his § 2255 motion more than two and one-half years late, on August 3, 2016. Movant has not presented anything to (1) suggest the applicability of the circumstances set forth in § 2255(f)(2)-(4), (2) justify equitable tolling,[3] or (3) demonstrate actual innocence.[4] Therefore, the District Court should

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[3] "Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

[4] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).

3

dismiss the § 2255 motion as untimely.[5]

### III.   **Certificate of Appealability (COA)**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A

---

To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

[5]   The opportunity to object to this Final Report and Recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter.  *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (holding "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions"); *Taylor v. United States*, 518 Fed. Appx. 348, 349 (6th Cir. Mar. 22, 2013) ("The district court properly denied Taylor's section 2255 motion on timeliness grounds because the court may *sua sponte* dismiss a motion as barred by the applicable one-year statute of limitations.") (citing *Day*, *id.*); *see also Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to Section 2255 motions.") (citation omitted).

substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because it is not debatable that the § 2255 motion is untimely. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

5

AO 72A
(Rev.8/82)

## IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the § 2255 motion, [Doc. 25], be **DISMISSED** as untimely; (2) a COA be **DENIED**; and (3) civil action number 1:16-cv-2831-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  10th   day of August, 2016.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)